IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE LUIS BARRERA,

          Petitioner,                  No. CIV S-07-1929 FCD GGH P

    vs.

JAMES A. YATES, et al.,

          Respondents.         FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This action is proceeding on the original petition filed September 17, 2007.  Petitioner challenges his 1994 conviction for first degree murder with use of a firearm.  Petitioner is serving a sentence of 30 years to life.

        The petition raises the following claims for relief: 1) ineffective assistance of appellate counsel on appeal based on appellate counsel's failure to raise the following issues: a) the trial court should have conducted a competency hearing; and b) ineffective assistance of trial counsel based on trial counsel's failure to raise the issue of petitioner's competency, file a motion to suppress petitioner's statements as violating Miranda, and to file a statement in mitigation at sentencing; 2) the trial court violated his constitutional rights by failing to conduct a competency hearing; 3) ineffective assistance of counsel based on trial counsel's failure to a) request a

1

1  competency hearing; b) move to suppress petitioner's statements as violating Miranda; and c)

2  failing to file a mitigation statement at sentencing; 4) the trial court erred in allowing

3  inadmissible evidence of prior bad acts evidence and evidence of other crimes; 5) jury instruction

4  error.

5          Pending before the court is respondent's January 15, 2008, motion to dismiss on

6  grounds that this action is barred by the statute of limitations.  After carefully considering the

7  record, the court recommends that the motion be granted.

8          The statute of limitations for federal habeas corpus petitions is set forth in 28

9  U.S.C. § 2244(d)(1):

10          A 1-year period of limitation shall apply to an application for a writ
            of habeas corpus by a person in custody pursuant to the judgment
11          of a State court.  The limitation period shall run from the latest of

12          (A) the date on which the judgment became final by the conclusion
            of direct review or the expiration of the time for seeking such
13          review;

14          (B) the date on which the impediment to filing an application
            created by State action in violation of the Constitution or laws of
15          the United States is removed, if the applicant was prevented from
            filing by such State action;
16
            (C) the date on which the constitutional right asserted was initially
17          recognized by the Supreme Court, if the right has been newly
            recognized by the Supreme Court and made retroactively
18          applicable to cases on collateral review; or

19          (D) the date on which the factual predicate of the claim or claims
            presented could have been discovered through the exercise of due
20          diligence.

21          On July 19, 1995, the California Supreme Court denied petitioner's petition for

22  review.  Respondent's lodged document no. 3.  Because petitioner's conviction became final

23  before the effective date of the Anti-Terrorism and Effective Death Penalty Act (AEDPA),

24  petitioner had one year from April 24, 1996, to file a timely federal petition.  Malcolm v. Payne,

25  281 F.3d 951, 955 (9th Cir. 2002).

26  \\\\\

2

1       In the petition, petitioner argues that because his claims are based on newly

2  discovered evidence, the limitations period runs from when these claims were discovered

3  pursuant to § 2244(d)(1)(D).  However, petitioner does not identify the newly discovered

4  evidence and nor is it clear to the court to what petitioner is referring.  Section 2244(d)(1)(D) is

5  not applicable.

6       The petition is not timely unless petitioner is entitled to statutory or equitable

7  tolling.

8       Section 2244(d)(2) provides that the time during which a properly filed

9  application for State post-conviction or other collateral review with respect to the pertinent

10  judgment or claim is pending shall not be counted toward any period of limitation.

11       Petitioner filed one habeas corpus petition in state court following his conviction.

12  On August 29, 2006, petitioner filed a habeas corpus petition in the California Supreme Court.

13  On February 21, 2007, the California Supreme Court denied the petition.  Respondent's Lodged

14  Documents Nos. 4, 5.  Petitioner is not entitled to statutory tolling pursuant to § 2244(d)(2)

15  because the habeas petition filed in the California Supreme Court was filed after the limitations

16  period ran.  Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001) (a state petition filed after the

17  limitations period has run does not re-start the clock).

18       Petitioner also filed two petitions for writ of mandate in the California Court of

19  Appeal on December 26, 2001, and January 17, 2002.  Respondent's lodged documents nos. 6-7.

20  After these petitions were denied, petitioner filed a petition for review in the California Supreme

21  Court which was also denied.  Respondent's Lodged Document no. 8.  Assuming these filings

22  could toll the statute of limitations, they were filed after the limitations period had expired.  For

23  this reason, they did not toll the limitations period.  Jiminez v. Rice, supra.

24       The court now considers whether petitioner is entitled to equitable tolling.  The

25  one year statute of limitations for filing a habeas petition may be equitably tolled if

26  "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on

3

1  time." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999).  The prisoner must show that the

2  "extraordinary circumstances" were the cause of his untimeliness.  Stillman v. LaMarque, 319

3  F.3d 1199, 1203 (9th Cir. 2003).  "Indeed, the threshold necessary to trigger equitable tolling

4  [under AEDPA] is very high, lest the exceptions swallow the rule."  Miranda v. Castro, 292 F.3d

5  1063, 1066 (9th Cir. 2002).  Petitioner "bears the burden of showing that this extraordinary

6  exclusion should apply to him."  Id..  Determining whether equitable tolling applies is a "fact-

7  specific" inquiry.  Fry v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

8          In the petition and opposition to the pending motion, petitioner makes several

9  arguments in support of equitable tolling.

10          Petitioner first argues that he could not file a timely federal petition because he

11  did not have his transcripts:

12          After the California Supreme Court denied review, Mr. Mertens sent the entire
           record on appeal to me, which consisted of several volumes of both the Clerk's
13          and Reporter's Transcript Records.  However, due to reasons beyond my control,
           the entire record on appeal was taken from me and destroyed.  In an effort to
14          obtain the record on appeal, I filed several actions in the state and federal courts
           which were unsuccessful.

15

16  Petitioner's declaration attached to petition, court file doc. p. 71.

17          Petitioner does not describe the circumstances under which his transcripts were

18  taken from him and destroyed.  Nor does petitioner state when this happened.  Accordingly, the

19  court finds that petitioner's claim for equitable tolling based on the loss of his transcripts is not

20  well supported.  Petitioner is not entitled to equitable tolling on this ground because he has failed

21  to demonstrate that the loss of his transcripts prevented him from filing a timely federal petition.

22          Petitioner also argues that he is entitled to equitable tolling based on his

23  incompetence.  In his opposition to the pending motion, petitioner states that his capacity to file

24  legal documents, briefs and petitions remained impaired throughout his incarceration.

25  Opposition, p. 5.  Petitioner also states that it took him a "long time to become clear headed

26  enough to contain his psychiatric problems in order to pursue collateral challenges on his

                                                    4

1 conviction." Id.

2     "Where a habeas petitioner's mental incompetency in fact caused him to fail to
3 meet his AEDPA filing deadline, his delay was caused by an 'extraordinary circumstance beyond
4 [his] control,' and the deadline should be equitably tolled." Laws v. LaMarque, 351 F.3d 919,
5 923 (9th Cir. 2003); see also Calderon v. U.S. Dist. Court for Cent. Dist. Of Cal. (Kelly), 163
6 F.3d 530, 541 (9th Cir. 1998) (mental incompetency considered an extraordinary circumstance
7 beyond the prisoner's control) (overruled on other grounds by Woodford v. Garceau, 538 U.S.
8 202, 206, 123 S.Ct. 1398 (2003)). A petitioner's mental illness tolls the limitations period only if
9 "the illness in fact prevents the sufferer from managing his affairs and thus from understanding
10 his legal rights and acting upon them." Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996).

11     Petitioner does not discuss when he became clear headed enough to begin
12 collaterally challenging his conviction. Nor does petitioner discuss his mental illness in any
13 detail including the type of mental illness he had and how it impaired his ability to act upon his
14 legal rights. For these reasons, the court finds that petitioner has not demonstrated that his
15 alleged mental incompetency prevented him from filing a timely federal petition.

16     Nor do the conclusory allegations warrant an evidentiary hearing. Petitioner must
17 allege specific facts, not merely conclusions in order to be entitled to an evidentiary hearing.
18 Whittaker v. McDaniel, 2008 WL 565024 (9th Cir. 2008), citing Coleman v. McCormick, 874
19 F.2d 1280, 1284-85 (9th Cir. 1989) (en banc). It is not too much to ask that a person who was
20 convicted in 1994, and asks for an evidentiary hearing in 2008, give specific *factually supported*
21 reasons why a petition could not have been prepared long prior to this time.

22     Petitioner also suggests that his ignorance of the law prevented him from filing a
23 timely federal petition. In his declaration submitted in support of the petition, he states that his
24 lack of understanding of legal matters prevented him from challenging his conviction. Ignorance
25 of the law does not constitute an extraordinary circumstance to warrant equitable tolling. See
26 Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

1    Petitioner argues that he is entitled to equitable tolling because the lawyer who

2    filed his appeal in state court was ineffective for not raising the colorable ineffective assistance of

3    counsel claims.  Counsel's failure to raise all of the claims that petitioner thought he should raise

4    did not prevent petitioner from filing a timely federal petition.  Petitioner is not entitled to

5    equitable tolling on this ground.

6    In the petition and opposition, petitioner suggests that he may be entitled to

7    equitable tolling because English is not his first language: "For several years of petitioner's

8    incarceration, he has attended vocational classes in an effort to better speak, write, and

9    understand English."  Opposition, p. 3.  In Mendoza v. Carey, 449 F.3d 1065, 1071 (9th Cir.

10   2006), the Ninth Circuit found that a "non-English speaking petitioner seeking equitable tolling

11   must, at a minium, demonstrate that during the running of the AEDPA time limitation, he was

12   unable, despite diligent efforts, to procure legal materials in his own language or translation

13   assistance from an inmate, library personnel, or other source."  449 F.3d at 1070.  Petitioner has

14   not made the showing required under Mendoza to warrant equitable tolling because he does not

15   speak English.

16   Petitioner also suggests that he could not prepare his federal petition because of a

17   lack of education.  In his opposition he states that he had to rely exclusively on other prisoners to

18   prepare his pleadings because he lacks basic writing skills.  Opposition, p. 5.  Illiteracy is not a

19   sufficient extraordinary circumstance to justify equitable tolling.  See Hughes v. Idaho State Bd.

20   of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).  Accordingly, petitioner is not entitled to

21   equitable tolling on grounds that he lacked basic writing skills.

22   Finally, petitioner suggests that he may be entitled to equitable tolling based on

23   inadequate law library access.  In his declaration attached to the petition, petitioner states

24

25       My prison assignment has long hours; because of this it has been extremely
         difficult to access the law library during the periods available to me and the legal
         assistant.  Due to the difficulties accessing the law library for the purpose of doing
26       legal research and obtaining photocopies of the actions being filed, I have had to

6

have my family provide legal materials from the Internet and purchase and send law books to me.

Petition, court file page 72.

Petitioner does not describe in any detail the amount of law library access he had. In addition, it is not entirely clear that petitioner would be entitled to equitable tolling simply because he could not have law library access at the same time as his inmate assistant, particularly since the inmate assistant did most of the work, according to petitioner.  For these reasons, the court finds that petitioner is not entitled to equitable tolling based upon inadequate law library access.

In conclusion, the court finds that petitioner is not entitled to statutory or equitable tolling.  Respondent's motion to dismiss should be granted because the petition is not timely.

Accordingly, IT IS HEREBY RECOMMENDED that respondent's January 15, 2008, motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/15/08

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

bar1929.mtd

7